IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOLLIE TELFORD, ) | |
| ) | |
| Plaintiff, ) | 7:13CV5001 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | MEMORANDUM AND ORDER |
| ) | |
| Defendant. ) | |

Plaintiff Hollie Telford filed her complaint in this matter on January 22, 2013 (Filing No. 1).  Plaintiff has been given leave to proceed in forma pauperis (Filing No. 7).  The Court now conducts an initial review of plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  **SUMMARY OF COMPLAINT**

Liberally construed, plaintiff filed this suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, against the United States of America.  Plaintiff's allegations are sparse.  She alleges that she was held in a federal facility for three years after she was "falsely charged with Bankruptcy fraud and forgery in 2006."  (Filing No. 1 at CM/ECF p. 1.)  At some point during her detention, "prison officers" assaulted her, which resulted in eight broken teeth.  (Id.)  She was then sent to "FMC" to have her teeth repaired, which "FMC" failed to do.  (Id.)  On January 21, 2009, the federal government dismissed the

criminal charges pending against her.  (*Id.* at CM/ECF pp. 2 and 9-10.)

The documents plaintiff attached to her complaint reflect that plaintiff filed an administrative tort claim with the United States Department of Justice ("DOJ") on October 28, 2009, and the DOJ acknowledged receipt of the claim.  (*Id.* at CM/ECF p. 11.)  Plaintiff alleges that, to date, the DOJ has not denied her claim.  (*Id.* at CM/ECF p. 3.)  As relief, plaintiff seeks "full damages claimed" in the administrative tort claim she filed with the DOJ.  (*Id.* at CM/ECF p. 5.)  The administrative claim form reflects that plaintiff sought $2,000,000.00 for injuries she suffered while she was held in federal custody.  (*Id.* at CM/ECF p. 7.)

**II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed"

for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Plaintiff sues the United States of America under the FTCA. In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671–2680. To successfully sue under the FTCA, a claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his or

her employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994). The only proper defendant in an FTCA action is the United States. *See* 28 U.S.C. § 2679(a).

Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the FTCA. Section 2675(a) provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

28 U.S.C. § 2675(a).

Here, Plaintiff has not received a final denial of her administrative claim.  However, pursuant to 28 U.S.C. § 2675(a), she is entitled to deem her claims denied at "any time" after six

-4-

months of agency inaction.  Here it appears that the DOJ acknowledged receipt of plaintiff's administrative tort claim on October 28, 2009, but has not since denied or approved her claim. Thus, based on the record currently before the Court, it appears that plaintiff has exhausted her administrative remedies.

However, this matter may not proceed to service at this time because plaintiff has not alleged sufficient facts to state a claim upon which relief may be granted.  Courts decide FTCA claims under the law of the state where the tort occurred. *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 743 (8th Cir. 2009). Here, plaintiff does not allege where the tort occurred. She does not set forth where she "was kept in jail as a pretrial detainee for 3 years," where she was assaulted by prison officers, or where officials failed to repair her broken teeth. In addition, plaintiff does not describe, with any specificity, the facts surrounding the assault she mentions in her complaint or the facts surrounding the "FMC['s]" failure to repair her teeth.

On the Court's own motion, the Court will provide plaintiff with an opportunity to file an amended complaint that sufficiently describes her claims against defendant.  Plaintiff should be mindful to clearly identify who injured her, how she was injured, and where the injury occurred.  *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (reiterating that a complaint must

-5-

state enough to give the defendant fair notice of what the claim is and the grounds upon which it rests).

IT IS ORDERED:

1. Plaintiff shall have 30 days to amend her complaint in accordance with this Memorandum and Order. Failure to file an amended complaint will result in the dismissal of this matter without further notice.

2. The Court reserves the right to conduct further review of plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after plaintiff addresses the matters set forth in this Memorandum and Order.

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **July 15, 2013:** check for amended complaint.

DATED this 20th day of June, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.