```
            IN THE UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF NEBRASKA

HOLLIE TELFORD,              )
                             )
           Plaintiff,        )      7:13CV5001
                             )
      v.                     )
                             )
UNITED STATES OF AMERICA,    )      MEMORANDUM OPINION
                             )
           Defendant.        )
_____)
```

This matter is before the Court on the motion (Filing No. 26) of the defendant to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3). After the plaintiff requested three extensions to respond to the defendant's motion and the Court granted each of those motions and prolonged motion practice for five months, the plaintiff still has not filed a response (Filing No. 29, Filing No. 30, Filing No. 31, Filing No. 32, Filing No. 33, Filing No. 34). Therefore, the Court will rule on the defendant's motion without the plaintiff's response. After review of the defendant's motion, brief, index of evidence, and relevant case law, the Court finds as follows.

I.   BACKGROUND

Plaintiff Holli Telford ("Telford") (a.k.a. Hollie Telford, Holli Lundahl, Hollie Lundahl) brings action against the defendant, the United States government, under the Federal Tort

Claims Act ("FTCA"). Telford filed her complaint on January 22, 2013 (Filing No. 1) and amended her complaint on July 30, 2013 (Filing No. 14). She seeks $2 million dollars for assault, negligence, health care liability, premise liability, and intentional infliction of emotional distress under the FTCA (*Id.*). Telford alleges that she was wrongfully imprisoned at the Carswell Women's Prison in Fort Worth, Texas, in 2006 and 2007 (*Id.* at 4). Telford alleges that an inmate assaulted her while she was in custody there and that the assault caused her to lose eight teeth (*Id.*). Telford alleges that the mental ward supervisor at the prison impeded her ability to receive treatment though the supervisor knew Telford was exposed to serious heart risks because of the broken teeth and congestive heart failure (*Id.* at 5). Telford further alleges that she experienced strokes while in custody in Texas and Utah due to government agents falsifying her medical records and impeded her ability to receive care (*Id.* at 5-9).

      In the instant motion, the government seeks dismissal on two grounds. First, the government argues Telford failed to exhaust her administrative remedies as required by Title 28 Section 2675(a) and therefore dismissal for lack of subject matter jurisdiction is appropriate. Second, the government argues Nebraska is an improper venue in Nebraska because Telford

was a resident of Wyoming during the filing of this action and her injuries occurred in Texas and Utah; therefore, dismissal for improper venue is appropriate.

II. LAW

The Court has an obligation to consider sua sponte whether it has subject matter jurisdiction over a case. *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014). The Court "must raise jurisdictional issues 'when there is an indication that jurisdiction is lacking, even if the parties concede the issue.'" *Id.* (quoting *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991)). Suits are subject to dismissal when the court lacks subject matter jurisdiction to hear the matter. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction bears the burden of proving that jurisdiction is proper. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3), the Court is not required to accept the pleadings as true and may consider facts outside the pleadings. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *Ameristar Casino Kansas City, Inc. v. Tai Ping Carpets Americas, Inc.*, 2013 WL 6512482, at *1 (W.D. Mo. Dec. 12, 2013). A defendant moving to dismiss under 12(b)(3) bears the

burden of demonstrating that the plaintiff's choice of venue is improper. United States v. Orshek, 164 F.2d 741, 742 (8th Cir. 1947).

III. DISCUSSION

A.   LACK OF SUBJECT-MATTER JURISDICTION

The FTCA states "[a]n action shall not be instituted upon a claim against the United States for money damages for injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing and sent by . . . mail. . . ." 28 U.S.C. § 2675(a). In the Eighth Circuit, "[a]n action may not be commenced in federal court under the FTCA unless the plaintiff has first presented [her] claim to the appropriate federal agency, and that claim has been denied." *McCoy v. United States*, 264 F.3d 792, 794 (8th Cir. 2001).

In October 2008, the Department of Justice, Civil Division, Federal Tort Claims Act Staff, received a claim and an amendment from Telford. Filing No. 27-1, at 1-2, ¶¶ 3, 6.a, 6.c. Telford has submitted to this Court a purported copy of a letter dated in 2009 from a claims adjuster from the Civil Division Tort Branch, Khlayer Graves-Sowell ("Grave-Sowell"), which acknowledges the receipt of a third amended claim -- the only claim which mentions Telford's dental issues (*Id.* at ¶¶ 3, 5, 6).

-4-

Importantly, Graves-Sowell has submitted an affidavit to this Court which states that her department never received this third amendment and Grave-Sowell was not employed at the department at the time this document was purportedly sent to Telford.  This unrebutted document casts serious doubts on the authenticity of Telford's submission to this Court and weighs heavily in favor of a finding of fraud.  The government has submitted several instances in which courts have uncovered Telford's apparent fraudulent behavior.  Filing No. 28, at 12-13 (citing *Johnson v. Lundahl*, 2005 WL 1349963, at *4 (10th Cir. June 8, 2005); *Lundahl v. NAR Inc.* (hereinafter "NAR"), 434 F. Supp. 2d 855, 859 (D. Idaho 2006); *Caffree v. Lundahl*, 143 Fed. Appx. 102, 106 (10th Cir. 2005); *Lundahl v. Pub. Storage Mgmt., Inc.*, 62 Fed. Appx. 217 (10th Cir. 2003).  *See also NAR*, 434 F. Supp. 2d at 856 (citing as other fraudulent and frivolous actions *Telford v. Brown* (also known as *Hurst v. Brown*), 4:05CV460 (D. Idaho April 7, 2006); *Los Angeles Home-Owners Aid, Inc. v. Lundahl*, 4:05CV126, 2005 WL 1140649 (D. Idaho May 13, 2005); *Lundahl v. CNA Ins.*, No. 20010845, 2003 WL 22145999 (Utah App. 2003); et cetra).  The Court finds that Telford has failed her burden of establishing that she presented her claim regarding her dental issues to the appropriate agency.  Therefore, the government's

motion for dismissal under Federal Rule of Civil Procedure 12(b)(1) will be granted.

B.   IMPROPER VENUE

"[C]ivil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). None of the actions Telford alleges occurred in the Nebraska. Therefore, Telford must have been a resident of Nebraska when she filed her claims. First, the Court notes that since the filing for her claim, Telford now claims residence in Wyoming. Filing No. 33. However, Telford claimed residence in Wyoming only days before she filed her complaint in Nebraska. Telford filed the instant action on January 22, 2013. Filing No. 1. On January 16, 2013, Telford filed a claim in Teton County District Court for the Ninth Judicial District which was later removed to the federal district court of Wyoming. Filing No. 28-1. Furthermore, when the government attempted to reach Telford at her purported Nebraska domicile, all correspondence was returned as undeliverable. Filing No. 28, at 15. With these facts in mind, the Court finds that Telford was not a resident when she filed the instant action and venue is improper. Therefore, the government's motion for dismissal under Federal Rule of Civil

Procedure 12(b)(3) will be granted.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 8th day of October, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court